STATE *ex rel.* JOHN MEDLEY

*v.*

OREL J. SKEEN, *Warden, etc.*

(No. 10582)

Submitted May 19, 1953.   Decided June 9, 1953.

*Samuel D. Littlepage,* for petitioner.

*John G. Fox,* Attorney General, *Arden J. Curry and T. D. Kauffelt,* Assistant Attorneys General, for defendant.

LOVINS, JUDGE:

John Medley filed his petition in this Court for a writ of *habeas corpus ad subjiciendum* directed to the Warden of the West Virginia Penitentiary. The petition so filed was evidently prepared without aid of counsel. It is alleged in the petition that petitioner is now confined in

the penitentiary for the term of his natural life and that the sentence is illegal and in violation of petitioner's constitutional rights. A writ was granted by this Court. Petitioner now has the aid of counsel.

By stipulation of counsel, the following are made a part of the record in this proceeding: (1) An indictment and order of sentence for the burglary of the dwelling house of June Kay; (2) an indictment and order of sentence for the burglary of the dwelling house of S. C. Fowler; (3) an indictment and order of sentence for felonious assault made upon William Nichols; (4) an indictment and order of sentence for the burglary of the dwelling house of Roy Yauger; (5) the petition for the writ; (6) the affidavit for petitioner in *forma pauperis,* and, (7) the order of this Court awarding the writ.

The record discloses that petitioner was indicted by a Grand Jury of Mason County on September 5, 1935, for the crime of breaking and entering the dwelling house of June Kay in the daytime, on the _____ day of August, 1935, with intent to steal the goods and chattels of June Kay; and further that he stole certain articles of the total value of $155.00. Upon a plea of guilty to that indictment, he was sentenced to confinement in the penitentiary for a period of ten years. This indictment and sentence will be hereinafter designated as conviction number 1.

The petitioner was indicted by a Grand Jury of Mason County on the 5th day of September, 1935, in which it was charged that the petitioner, on the _____ day of August, 1935, in the daytime, broke and entered the dwelling house of S. C. Fowler, with intent to steal the goods and chattels of S. C. Fowler, and that he stole a number of articles of the total value of $54.00. The petitioner pleaded guilty to this indictment and was sentenced by the Circuit Court of Mason County to be confined in the penitentiary for ten years. In the order of sentence, the trial court provided that such sentence would be served concurrently with the sentence pro-

nounced under conviction number 1. This indictment and order of sentence will be hereinafter designated as conviction number 2. The two foregoing convictions occurred on September 6, 1935.

A Grand Jury of Mason County, on the 3rd day of January, 1936, returned an indictment against petitioner which charged that on the _ _ day of November, 1935, the petitioner maliciously assaulted one William Nichols, with intent to maim, disfigure, disable and kill him.

The Circuit Court of Mason County, on the 13th day of January, 1936, sentenced the petitioner to confinement in the penitentiary for a period of seven years and provided in the order of sentence that the sentence so imposed for malicious maiming should begin upon the expiration of the sentence theretofore pronounced against him on September 6, 1935, under conviction number 1. The indictment for malicious maiming and order of sentence will be hereinafter referred to as conviction number 3.

The petitioner was indicted by a Grand Jury of Mason County on the 29th day of April, 1936. This indictment alleged two of the former convictions, numbers 1 and 3. The third count of the last indictment charged that the petitioner, on the _____ day of August, 1935, in the daytime, broke and entered the dwelling house of Roy Yauger, with intent to steal the chattels of Roy Yauger, and that he stole money and other chattels of the total value of $35.00.

Petitioner, on the 4th day of May, 1936, pleaded guilty to the indictment charging him with breaking and entering the dwelling house of Roy Yauger. Thereupon, the Circuit Court of Mason County sentenced him to the penitentiary of this state for the remainder of his natural life. The last indictment and sentence will be hereinafter designated as conviction number 4.

It is to be noted that the petitioner filed, along with his petition, a paper denominated, "Case History", fol-

lowed by a prayer for the issuance of a writ of *habeas corpus ad subjiciendum*. He filed as *Exhibit A*, with his petition, the order of the Circuit Court of Mason County, sentencing him to life imprisonment; the indictment returned by the Grand Jury of that County on the 29th day of April, 1936, as *Exhibit B;* the indictment charging him with entering the dwelling house of S. C. Fowler, as *Exhibit C;* and the indictment charging him with the felonious assault on William Nichols as *Exhibit D*.

In view, however, of the stipulation of counsel above stated, formally making those exhibits, along with other writings, a part of the record in this proceeding, and, since the filing of exhibits in proceedings on the law side of the court is not permitted, we do not consider the exhibits as such. See *Pingley* v. *Pingley*, 84 W. Va. 433, 100 S. E. 216; *Vorholt* v. *Vorholt*, 111 W. Va. 196, 160 S. E. 916.

Respondent, without denying any of the facts as above stated, answered the petition and concluded by praying that the petitioner be remanded to his custody.

Petitioner makes three contentions: (1) That a void sentence of imprisonment, in whole or in part, may be corrected in a proceeding in habeas corpus; (2) that a sentence in excess of the jurisdiction of a trial court is void as to such excess; and, (3) that a conviction of a person for a crime which was committed prior to the commission of a second crime does not authorize the imposition of a sentence of imprisonment for life under the habitual criminal statute, Code, 61-11-18, 19.

It will be noted that all of the convictions here considered occurred prior to the amendments made by Chapter 31, Acts of the Legislature, 1943, and Chapter 26, Acts of the Legislature, 1939. The pertinent statutes in force at the time the petitioner was convicted of the four offenses read as follows: "When any person is convicted of an offense, and sentenced to confinement therefor in the penitentiary, and it is alleged in the indictment

on which he is convicted, and admitted, or by the jury found, that he had been before sentenced in the United States to a like punishment, he shall be sentenced to be confined five years in addition to the time which he is or would be otherwise sentenced." Code, 61-11-18. "When any such convict shall have been twice before sentenced in the United States to confinement in a penitentiary, he shall be sentenced to be confined in the penitentiary for life. But before such sentence may be lawfully imposed, it must be alleged in the indictment on which he is convicted, and admitted, or by the jury found, that such convict had theretofore been twice sentenced in the United States to the Penitentiary." Code, 61-11-19.

A writ of habeas corpus cannot be substituted for a writ of error. Hence, we cannot, and do not consider any errors in the four convictions of petitioner, the time for the allowance of the writ of error having long since elapsed. A proceeding in habeas corpus is the proper method of testing the legality of petitioner's confinement. If void, the writ will lie. *Nutter* v. *Mace,* 130 W. Va. 676, 44 S. E. 2d 851. Moreover, if the sentence of imprisonment is valid in part and void in part, and the sentence is severable, the judgment of sentence may be reviewed and corrected in a habeas corpus proceeding. *Ex Parte Mooney,* 26 W. Va. 36, 43; *Dye* v. *Skeen,* 135 W. Va. 90, 62 S. E. 2d 681. Undoubtedly, the four convictions and sentences of petitioner are severable, and, as will be hereinafter shown, a part of the sentence under conviction number 4 is void.

The statutes in force in the years 1935 and 1936 are applicable to this proceeding, and there is no reason for differentiating between the statutes in force then and those in force at the present time, since for the purpose of this opinion, the amendments to the statutes did not change the applicable principles.

We think that the principles announced in *Dye* v. *Skeen, supra,* and *Stover* v. *Riffe,* 128 W. Va. 70, 35 S. E.

2d 689, were then applicable and should govern the rights of petitioner claimed in this proceeding.

Before discussing the merits of this case, we deem it necessary to discuss the question whether sentences pronounced by the same court and for different offenses run concurrently or consecutively. There seems to be a difference in judicial opinion as to this question.

One rule is that in the absence of a controlling statute, sentences of imprisonment imposed under different counts, or for different offenses by the same court, are construed as running concurrently, and the accused should be discharged on the expiration of the maximum term. 15 Am. Jur. Criminal Law, §465. See Annotation 70 A.L.R., pages 1511, 1512.

A contrary view has been adopted by the Supreme Court of Appeals of Virginia. In the case of *Hudson* v. *Youell*, (Va.) 19 S. E. 2d 705, 709, it is stated: "The general rule in Virginia, both before we had a statute on the subject and since, is that sentences run consecutively and not concurrently." The case of *Commonwealth* v. *Leath*, 1 Va. Cases 151 and 3 Va. 151, decided in 1806, is cited as authority for that proposition.

We are not confronted with adopting either rule, since the question of whether a sentence which runs concurrently or consecutively is controlled by statute reading as follows: "When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed." Code, 61-11-21. The statute just quoted was in force at the time of the conviction of petitioner and manifestly provides for instances where the trial court has not stated that sentences run consecutively before the sentence is pronounced for either.

In convictions numbers 1 and 2, the trial court was explicit as to the sentences pronounced, e.g., that those sentences should run concurrently. The trial court was equally explicit in sentencing the petitioner for conviction number 3, under the indictment for malicious assault. It was provided in the order of sentence that the sentence for conviction number 3 should begin at the expiration of the former sentences. In the 4th conviction, the sentence being life imprisonment, the court made no provisions with respect to this question. It is proper to say at this time that in view of the provisions of Code, 61-11-21, and the decision in the case of *Commonwealth* v. *Leath, supra,* the sentence for conviction number 4 commenced at the expiration of sentence pronounced under conviction number 3.

It is clear from this record that convictions numbers 1 and 2 took place on the same day, and for the purpose of applying the habitual criminal act, the two convictions are tantamount to one conviction, within the meaning of the habitual criminal statute, 61-11-18, 19. *Dye* v. *Skeen, supra.* See Annotations 58 A.L.R. 20; 82 A. L. R. 345; 116 A.L.R. 209; 139 A.L.R. 673, where the authorities are collated.

Convictions numbers 1 and 2 did not warrant the imposition of additional punishment by imprisonment under Code, 61-11-18.

Conviction number 3 deals with an offense occurring subsequently to the two offenses charged in convictions number 1 and 2, and is a second conviction within the meaning of Code, 61-11-18. Conviction number 3 brought the petitioner within the provisions of Code, 61-11-18, as it then read, and may have subjected him not only to the usual punishment as then provided by law of two to ten years, Code, 61-2-9, but also the additional term of five years. The trial court however, did not impose the additional period of imprisonment, and there seems to have been no allegation of the former conviction of breaking and entering on the _____ day of August, 1935.

The indictment considered in conviction number 4 alleges two former convictions, but the date of the commission of the principal offense is alleged as being on the _____ day of August, 1935, prior to the commission of the crime under conviction number 3. "A third conviction for a felony which was committed prior to a second felony conviction does not justify the imposition of a life sentence by a trial court under Code, 61-11-19 * * *" *Stover* v. *Riffe,* 128 W. Va. 70, 35 S. E. 2d 689. See *Dye* v. *Skeen, supra.* This seems to be the generally accepted rule in construing statutes concerning the imposition of additional punishment under the habitual criminal act. See Annotations 58 A.L.R. 20; 82 A.L.R. 345; 116 A.L.R. 209; 139 A.L.R. 673.

The reason most frequently given for such construction of the statute is that additional punishment is imposed to prevent such persons from engaging in crime in the future. Had the petitioner broken and entered the house of Roy Yauger subsequently to the commission of the crime of felonious assault, a sentence of life imprisonment would have been valid. But here the indictment resulting in conviction number 4 shows clearly that the burglary was committed on the _____ day of August, 1935. It follows that in the imposition of life imprisonment for conviction number 4, the court acted in excess of its power and the sentence to life imprisonment is void.

We think that this record clearly shows that the accused was properly sentenced in convictions numbers 1, 2 and 3, and that such sentences, aggregating the term of seventeen years, are valid. But, under conviction number 4, the maximum term of imprisonment, which can be lawfully imposed upon petitioner, is fifteen years. Code, 61-3-11.

Therefore, the maximum valid terms for the four crimes of which the petitioner was convicted, aggregate a period of thirty-two years. The petitioner has not

served the total terms of lawful imprisonment imposed upon him, and we therefore remand the prisoner to the custody of the warden of the penitentiary to complete the legal portion of sentences pronounced by the Circuit Court of Mason County for the four crimes of which he was convicted.

We refrain from stating the exact time of his release from the penitentiary. Under the provisions of Code, 28-5-27 and Chapter 36, Acts of the Legislature, 1951, petitioner's term of imprisonment may be shortened. But the record of petitioner, since he has been an inmate of the penitentiary, is not before us.

For the foregoing reasons, the writ of habeas corpus heretofore awarded by this Court, is dismissed, and the petitioner remanded to the custody of the Warden of the West Virginia Penitentiary.

*Writ dismissed;*
*petitioner remanded.*