332 S.E.2d 164

**John Anthony TURNER**

v.

**Manfred HOLLAND, Warden, WVP.**

**No. 16566.**

Supreme Court of Appeals of West Virginia.

March 1, 1985.

Rehearing Denied June 11, 1985.

John Anthony Turner, pro se.

Andrew Lopez, Asst. Atty. Gen., Charleston, for appellee.

MILLER, Justice:

In this petition for a writ of habeas corpus, the relator contends that the circuit court impermissibly added five-year enhancements to his sexual abuse and burglary convictions. Both offenses arose out of

one criminal event and each of the sentences was set consecutively. It is the relator's position that under W.Va.Code, 61–11–18, the circuit court could have imposed only one five-year enhancement. The State, in its response, appears to concede the correctness of the relator's position.[1] While we are not required to accept the State's concession, *State v. Young*, 166 W.Va. 309, 273 S.E.2d 592 (1980); *Gibson v. Bechtold*, 161 W.Va. 623, 245 S.E.2d 258 (1978); *State v. Cokeley*, 159 W.Va. 664, 226 S.E.2d 40 (1976), we believe it is correct.

We have held that the purpose of our recidivist statute, W.Va.Code, 61–11–18,[2] which authorizes a court to impose additional time to the sentences of repeat felony offenders, is to deter those who have been convicted of felonies from committing subsequent offenses.[3] Since the statute is penal and in derogation of the common law, it should be strictly construed. *State ex rel. Ringer v. Boles*, 151 W.Va. 864, 157 S.E.2d 554 (1967).

We have also held that before any prior conviction can be used to enhance a present conviction, it must be shown that the prior felony was committed and a conviction obtained on it prior to the time of the present felony offense. *State v. McMannis*, 161 W.Va. 437, 242 S.E.2d 571 (1978);[4] *State ex rel. Yokum v. Adams*, 145 W.Va. 450, 114 S.E.2d 892 (1960); *State ex rel. Stover v. Riffe*, 128 W.Va. 70, 35 S.E.2d 689 (1945). Furthermore, where two convictions are obtained against the defendant on the same day, they are treated as one conviction and neither can be used to enhance the other under our recidivist statute. *State ex rel. Medley v. Skeen*, 138 W.Va. 409, 76 S.E.2d 146 (1953). Moreover, multiple convictions on the same day are treated as one conviction for purposes of enhancing any subsequent felony convictions. *State ex rel. Hill v. Boles*, 149 W.Va. 779, 143 S.E.2d 467 (1965).

Although we have not had occasion to consider the issue raised in the present case, it would seem logical, from the foregoing law, that the three convictions obtained in the same proceeding must be treated as one for purposes of any recidivist enhancement. Therefore, a five-year enhancement based on the prior felony con-

---

1. On page 6 of the State's response, this statement is made: "The respondent's position regarding the additional five years given to the petitioner on both the sexual assault and burglary sentences is that he will not contest any allegation that only one five-year additional sentence should be imposed under the recidivist statute, W.Va.Code § 61–11–18."

2. W.Va.Code, 61–11–18, provides:

"When any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen [§ 61–11–19] of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

"When it is determined, as provided in section nineteen hereof, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life."

3. In *State v. McMannis*, 161 W.Va. 437, 441, 242 S.E.2d 571, 574–75 (1978), we stated:

"The teaching of our case law is that the primary purpose of the statute is to deter felony offenders, meaning persons who have been convicted and sentenced previously on a penitentiary offense, from committing subsequent felony offenses. The statute is directed at persons who persist in criminality after having been convicted and sentenced once or twice, as the case may be, on a penitentiary offense." (Footnote omitted).

4. In the single Syllabus of *McMannis*, we stated:

"Where a prisoner being proceeded against under the habitual criminal statute remains silent or says he is not the same person who was previously convicted and sentenced to the penitentiary offense or offenses alleged in the information, a circuit court has no jurisdiction to impose an enhanced sentence under the statute where the State fails to prove beyond a reasonable doubt that each penitentiary offense, including the principal penitentiary offense, was committed subsequent to each preceding conviction and sentence. W.Va. Code, 61–11–18, 19."

viction should only be imposed on one of the present sentences. Although the statute does not expressly cover this situation, our historical rule is that penal statutes must be strictly construed against the State.[5] We are foreclosed from expanding the statute's meaning by judicial interpretation.

This issue has not surfaced in many other jurisdictions. In Texas, the courts have uniformly held that in the absence of some express language in their recidivist statute authorizing criminal convictions returned against the defendant at the same time to be separately enhanced by a prior felony, it may not be done and only one enhancement is permissible. *Rollins v. State,* 542 S.W.2d 163 (Tex.Crim.App.1976); *Shaw v. State,* 530 S.W.2d 838 (Tex.Crim.App.1975); *Carvajal v. State,* 529 S.W.2d 517 (Tex. Crim.App.1975), *cert. denied,* 424 U.S. 926, 96 S.Ct. 1139, 47 L.Ed.2d 336 (1976).

We, therefore, conclude that it was error for the circuit court to enhance more than one of the convictions returned against the defendant. Because the error lies only in the enhancement portion of sentencing, the relator is not entitled to release or retrial, but only to have the court remove one of the enhancements. *See State ex rel. Mounts v. Boles,* 147 W.Va. 152, 126 S.E.2d 393, *cert. denied,* 371 U.S. 930, 83 S.Ct. 298, 9 L.Ed.2d 235 (1962). For this reason, the relator is not entitled to a discharge, but only a moulded writ directing that the circuit court vacate one of the enhancements.

Writ as Moulded Awarded.

---

5. *State v. Vandall,* 170 W.Va. 374, 294 S.E.2d 177 (1982); *State v. Cole,* 160 W.Va. 804, 238 S.E.2d 849 (1977); *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970); *State v. Mason,* 141 W.Va. 217, 89 S.E.2d 425 (1955).