368 S.E.2d 308

**STATE of West Virginia**

v.

**Rodney Allen STOVER.**

**No. 17642.**

Supreme Court of Appeals of West Virginia.

April 4, 1988.

Harvey D. Peyton, Calwell, McCormick & Peyton, Nitro, for Rodney Allen Stover.

Mary Rich Maloy, Asst. Atty. Gen., Atty. Gen. Office, Charleston, for State of W.Va.

PER CURIAM:

On January 9, 1986 a jury in the Circuit Court of Kanawha County convicted the appellant, Rodney Allen Stover, of burglary in the daytime by breaking and entering and grand larceny. Following the conviction, the State filed a written information under *W.Va. Code,* 61–11–19 [1943] charging that in 1981 the appellant had been convicted of a felony in Kanawha County. The appellant entered a guilty plea to the recidivist information and on March 14, 1986, the circuit court enhanced each of the appellant's sentences by a period of five years. He was sentenced to an indeterminate term of from one to twenty years in the penitentiary on the burglary charge and from one to fifteen years in the penitentiary on the grand larceny charge, the sentences to run concurrently. The appellant contends that the circuit court erred in enhancing both sentences.

The appellant's convictions stem from events that occurred on July 2, 1984. On that day the appellant was apprehended in

a pick-up truck that had earlier in the day been reported as stolen. Although he was intoxicated at the time, the appellant was arrested only for the theft of the vehicle. In the afternoon of the same day, Mrs. Nora Smith reported to the police that her home had been burglarized while she was at work. The police subsequently discovered several items missing from the Smith home in the pick-up truck. The appellant was charged with both crimes by separate indictments.

On appeal the appellant argues that the court's enhancement of both of his sentences was improper. We agree. We have held that the purpose of our recidivist statute, *W. Va. Code*, 61–11–18 [1943], which authorizes a court to impose additional time to the sentences of repeat felony offenders, is to deter those who have been convicted of felonies from committing subsequent offenses. *Justice v. Hedrick*, 177 W.Va. 53, 350 S.E.2d 565 (1986); *State v. Adkins*, 168 W.Va. 330, 284 S.E.2d 619 (1981); *State v. McMannis*, 161 W.Va. 437, 242 S.E.2d 571 (1978). Since the statute is penal and in derogation of the common law, it is to be strictly construed. *State ex rel. Ringer v. Boles*, 151 W.Va. 864, 157 S.E.2d 554 (1967).

We addressed the precise issue in this case in *Turner v. Holland*, 175 W.Va. 202, 332 S.E.2d 164 (1985) and in the sole syllabus of that case wrote:

> In the absence of some express language in our recidivist statute, W.Va. Code, 61–11–18, authorizing criminal convictions returned against the defendant at the same time to be separately enhanced by a prior felony, it may not be done and only one enhancement is permissible.

The State would have us distinguish *Turner v. Holland* from the case before us on the grounds that both offenses in *Turner* arose out of one criminal event while the crimes in this case did not. Although the offenses committed by the appellant were the results of two separate crimes, the offenses were committed in close proximity in time to each other. Further, there is no legitimate reason to distinguish between different offenses committed during the same criminal act and those committed during separate acts committed the same day within hours of each other. Were we to reach a different conclusion, the purpose of the recidivist statute, which is to deter those who have been convicted from committing further offenses, would be frustrated.

In *Turner*, we recognized that where two convictions are obtained against the defendant on the same day, they are treated as one conviction and neither can be used to enhance the other under our recidivist statute. *State ex rel. Medley v. Skeen*, 138 W.Va. 409, 76 S.E.2d 146 (1953). It would be illogical to conclude that multiple convictions obtained on the same day cannot be treated as separate convictions for purposes of enhancing each other, but can be treated as multiple convictions for purposes of being enhanced.

The appellant also contends that the court erred in refusing to grant his motion for judgment of acquittal on the charge of daytime burglary by breaking and entering. We find no merit to the appellant's contention.

Accordingly, the judgment of the Circuit Court of Kanawha County is reversed and the case is remanded to the court for further proceedings, specifically, with directions that the court remove one of the enhancements.

Reversed and remanded.