**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia, ex rel.**
**Myron Dewayne Daniels,**
**Plaintiff Below, Petitioner**

**FILED**

**October 25, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-0180** (Kanawha County 05-MISC-265)

**William Fox, Warden,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

The Petitioner, Myron Dewayne Daniels, by counsel Robert C. Catlett and Gregory Ayers, appeals the January 23, 2012, order entered by the Circuit Court of Kanawha County, West Virginia, denying the Petitioner's petition for writ of habeas corpus. The Petitioner argues[1] that the circuit court erred in ruling that severing counts in an indictment for trial allow those counts to be considered separate convictions under the provisions of the West Virginia Code § 61-11-18 (2010) (also referred to as "the habitual criminal statute").[2] The Petitioner also argues that the circuit court erred in failing to void his first aggravated robbery conviction and sentence for lack of a direct appeal. The State of West Virginia, by counsel Andrew Mendelson and Christopher Dodrill, filed a summary response. The Petitioner filed a reply.

After carefully reviewing the record provided, the briefs and oral arguments of the parties, and taking into consideration the relevant standard of review, for the reasons

---

[1]The Petitioner also argued in his brief that the circuit court erred in failing to vacate the Petitioner's plea bargain as it cannot be legally fulfilled due to the multiple recidivist life sentences being imposed. During oral argument, however, the Petitioner's counsel asserted that the Court could vacate the sentence imposed on Count I without vacating the plea agreement.

[2]West Virginia Code § 61-11-18(c) provides that "[w]hen it is determined, as provided in section nineteen of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life."

1

expressed below, the Court determines that the circuit court erred in denying the Petitioner habeas relief and vacates the Petitioner's conviction on Count I for aggravated robbery and his recidivist life sentence imposed as a result of his jury conviction. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

On February 22, 1996, the Petitioner was indicted on seven felony counts contained in a single indictment including:  Count I – aggravated robbery of Wilma Collins; Count II – aggravated robbery of Deborah Malech; Count III – aggravated robbery of Clara Lill; Count IV – nighttime burglary; Count V– entering without breaking in the nighttime; Count VI - forgery; and Count VII – uttering.

Prior to the Petitioner's trial on Count I, the aggravated robbery of Wilma Collins, the Petitioner moved to sever the counts in the indictment.  The trial court granted the Petitioner's motion.

On October 9, 1996, a jury found the Petitioner guilty of aggravated robbery. On the same day, the State filed a recidivist information against the Petitioner.[3]

According to the allegations contained in the Petitioner's Second Amended Petition for Writ of Habeas Corpus, during the two and a half years following the Petitioner's conviction, there were "hearings, continuances, attempts to procure a competency evaluation, pro se motions and efforts to procure the attendance of an out of state witness." The Petitioner was never sentenced for his jury conviction on Count I, nor was any action taken on the recidivist information filed after the jury conviction.  Thus, with no sentence being imposed, the Petitioner could not have appealed his jury conviction to this Court.

On June 14, 1999, the Petitioner entered into a non-binding plea agreement with the State in which he agreed to the following:  1) he would plead guilty to the aggravated robbery alleged in Count III; 2) he would admit to the recidivist information filed right after the jury verdict in Count I; 3) he would admit to the recidivist information filed upon his guilty plea to the aggravated robbery in Count III; and 4) he would admit to violating his probation that he was given on his prior felonies.  In exchange, the State agreed that the

_____

[3]In the information, the State alleged that the Petitioner had been convicted of the felony offense of rape on April 27, 1976, in the Court of Common Pleas of Franklin County, Ohio; the felony offense of aggravated robbery on September 24, 1990, in the Circuit Court of Kanawha County, West Virginia; and the felony offense of unaggravated robbery on February 20, 1991, also in the Circuit Court of Kanawha County.

2

recidivist life sentences to be imposed on Count I and III would be served concurrently and that the State would recommend that the sentences to be imposed for his violation of probation on his prior felonies would be served concurrently with his life recidivist sentences. The State agreed to dismiss the remaining counts in the indictment.

Pursuant to an order that was also entered June 14, 1999, the Petitioner was sentenced to two terms of life imprisonment as an habitual offender with the sentences to be served concurrently. The Petitioner never filed a direct appeal arising out of his jury conviction on Count I. As a matter of record, the first time the Petitioner ever tried to pursue a direct appeal was at the time he filed his original habeas petition, more than six years after his conviction on Count I was final.

On June 7, 2005, the Petitioner filed his original petition for habeas corpus. The trial court appointed counsel on September 22, 2006. An amended writ of habeas corpus was filed on September 26, 2006, and a second amended writ of habeas corpus was filed on April 30, 2009. As the Petitioner stated in his brief before this Court, "[a]fter a counsel change, several hearings, and filed memoranda the issues were narrowed to the issue that . . . [the Petitioner] was illegally sentenced to two life sentences, and that . . . [the Petitioner] was denied his right to appeal due to the lack of a transcript."[4]

According to the Petitioner, the habeas case was submitted on the pleadings on February 5, 2011. On January 24, 2012, the circuit court entered an order denying the petition for habeas corpus. This appeal followed.

We review the circuit court's order denying a habeas petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

---

[4]The Petitioner's counsel states that he undertook an extensive search for the transcripts from the Petitioner's jury trial. A letter, dated January 6, 2011, from the Office of the Clerk of the West Virginia Supreme Court indicates that "[t]he Supreme Court and the Kanawha County Circuit Clerk have been unable to locate any additional court reporter notes in the above case."

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The Petitioner argues the circuit court erred in ruling that the severing of counts in an indictment allows those counts to be considered separate convictions under the provisions of the habitual criminal statute, West Virginia Code § 61-11-18. Consequently, the Petitioner maintains that the circuit court improperly sentenced him to two recidivist life sentences for two convictions in the same indictment that were finalized on the same day.

The Petitioner further argues the circuit court erred in denying him his right to appeal his jury conviction on Count I due to a lack of a transcript. Thus, the Petitioner maintained during oral argument that the remedy for these two errors is to vacate his sentence for his jury conviction on Count I for aggravated robbery.

In determining whether the circuit court erred in upholding the imposition of two recidivist life sentences we turn to *State v. Jones*, 187 W. Va. 600, 420 S.E.2d 736 (1992), wherein this Court held in syllabus point three that:

> The primary purpose of our recidivist statutes, W. Va. Code, 61-11-18 (1943), and W. Va. Code, 61-11-19 (1943), is to deter felony offenders, meaning persons who have been *convicted and sentenced* previously on a penitentiary offense, from committing subsequent felony offenses. The statute is directed at persons who persist in criminality after having been *convicted and sentenced* once or twice, as the case may be, on a penitentiary offense.

(Emphasis added).

Additionally, this Court has held that: "In the absence of some express language in our recidivist statute, W. Va. Code, 61-11-18, authorizing criminal convictions returned against the defendant at the same time to be separately enhanced by a prior felony, it may not be done and only one enhancement is permissible." Syllabus, *Turner v. Holland*, 175 W. Va. 202, 332 S.E.2d 164 (1985).

Thereafter in *State v. Stover*, 179 W. Va. 338, 368 S.E.2d 308 (1988), we reiterated the principle established in *Turner*. In *Stover*, a defendant was convicted of burglary and grand larceny on January 9, 1986. He then pleaded guilty to a recidivist information and on March 14, 1986, the circuit court enhanced both the burglary and grand larceny sentences by a period of five years.

On appeal, the Court stated:

4

Although the offenses committed by the appellant were the results of two separate crimes, the offenses were committed in close proximity in time to each other. Further, there is no legitimate reason to distinguish between different offenses committed during the same criminal act and those committed during separate acts committed the same day within hours of each other. Were we to reach a different conclusion, the purpose of the recidivist statute, which is to deter those who have been convicted from committing further offenses, would be frustrated.

In *Turner, we recognized that where two convictions are obtained against the defendant on the same day, they are treated as one conviction and neither can be used to enhance the other under our recidivist statute. State ex rel. Medley v. Skeen*, 138 W. Va. 409, 76 S.E.2d 146 (1953). It would be illogical to conclude that multiple convictions obtained on the same day cannot be treated as separate convictions for purposes of enhancing each other, but can be treated as multiple convictions for purposes of being enhanced.

179 W. Va. at 339, 368 S.E.2d at 309 (emphasis added). We remanded the case to the circuit court with the direction that the court remove one of the enhancements. *Id.*

Subsequently, in *Hutchinson v. Dietrich*, 183 W. Va. 25, 393 S.E.2d 663 (1990), the Court held in syllabus point two that:

Multiple convictions rendered on the same day should be treated as a single conviction for the purposes of the habitual criminal statute, *W. Va. Code*, 61-11-19, and multiple sentences can be enhanced under the habitual criminal statute only once where the sentences are imposed for convictions rendered on the same day.

Also in 1990, this Court decided *State v. Housden*, 184 W. Va. 171, 399 S.E.2d 882 (1990), in which the defendant was convicted of burglary and grand larceny and sentenced under the habitual criminal statute. In *Housden*, the defendant received a life sentence for his burglary conviction under the habitual criminal statute and an indeterminate term of one to ten years for his grand larceny conviction. The defendant argued that the circuit court erred in imposing these two sentences to run consecutively. The Court disagreed and held in syllabus point three that "[a] trial judge may impose sentences which run consecutively for multiple convictions rendered on the same day *in which one of the*

5

*convictions is subject to enhancement pursuant to W. Va. Code § 61-11-19 (1943).*" 184 W. Va. at 172, 399 S.E.2d at 883 (emphasis added).

Under the facts of the instant case, applying the foregoing case law, only one of the Petitioner's convictions for aggravated robbery could be enhanced under the habitual offender statute. *See Hutchinson*, 183 W. Va. at 26, 393 W. Va. at 664, Syl. Pt. 2. This is because the Petitioner's jury conviction for aggravated robbery in 1996 was not final until June 14, 1999. On the same day, the Petitioner also pleaded guilty to Count III, another aggravated robbery charge, and the circuit court imposed two recidivist life sentences for the two convictions on the same day in violation of well-established law. *Id*.

Inextricably intertwined with the unlawful imposition of the two recidivist life sentences is the Petitioner's argument that he never received a direct appeal on his jury conviction for Count I, an aggravated robbery charge. As the Court held in syllabus point eight of *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977): "The constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court, but such delay on the part of the defendant may affect the relief granted." *See Varney v. Superintendent, W. Va. Penitentiary*, 164 W. Va. 420, 421, 264 S.E.2d 472, 473 (1980) ("It is now well established that an indigent defendant who has been convicted of a crime has a right to appeal his conviction and that he is constitutionally entitled to a copy of the transcript of his trial without cost to him."); *see also State ex rel. Kennedy v. Boles*, 150 W. Va. 504, 147 S.E.2d 391 (1966) ("The failure of the circuit court, in which an indigent person was convicted and sentenced to imprisonment for a criminal offense, acting by its clerk, to furnish a duly requested transcript in sufficient time to enable such indigent person to apply for an appeal, constitutes a denial of due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States and by Article III, Sections 10 and 17, of the Constitution of this State; the judgment imposing sentence is unenforceable; and such indigent person, in a habeas corpus proceeding, is entitled to be released forthwith from custody under such judgment."). *Cf. Adkins v. Leverett*, 164 W. Va. 377, 383, 264 S.E.2d 154, 157 (1980) ("[W]e agree that the petitioner is entitled to an appeal and we now direct that he be resentenced . . . so as to start a new appeal period.").

The record in this case is undisputed that after an extensive search, there are no court reporter notes regarding the Petitioner's jury trial on Count I and, therefore, it is impossible to provide the Petitioner with a transcript so that he can appeal his jury conviction. Consequently, simply remanding this case for resentencing is not an option. Given the Petitioner's inability to perfect a direct appeal of his jury conviction for aggravated robbery, we vacate both the conviction and the recidivist life sentence imposed in conjunction therewith. This remedy cures the errors that occurred in this case. The Petitioner's conviction for aggravated robbery on Count III that was brought about by the Petitioner's guilty plea remains a valid conviction as does the life recidivist sentence imposed in connection with that

6

conviction.

For the foregoing reasons, we vacate the Petitioner's conviction on Count I for aggravated robbery, and vacate the recidivist life sentence imposed as a result of that conviction.

Conviction and Life Recidivist
Sentence Imposed on Count I Vacated.

**ISSUED**:     October 25, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

7