# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 13-0996** (Cabell County 12-F-468)

**Phillip Gregory Johnson,**
**Defendant Below, Petitioner**

**FILED**

June 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Phillip Gregory Johnson, by counsel Steven T. Cook, appeals the circuit court's entry of the "Amended Recidivist Jury Verdict Order and Sentencing Order" and the "Amended Order of Commitment and Amended Sentencing Order." Respondent State of West Virginia, by counsel Christopher S. Dodrill, responds.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error in regard to petitioner's second, fourth, fifth, sixth, and seventh assignments of error. However, as more fully explained below, the Court finds that the circuit court erred in enhancing all three of petitioner's recidivist sentences, as set forth in petitioner's first assignment of error. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Petitioner was charged on July 31, 2012, with malicious wounding, and various other lesser charges, after he shot Kyle Gibbs in downtown Huntington on that date. When Mr. Gibbs fled from the vehicle in which he and petitioner were riding with others, petitioner reportedly said that he would kill Mr. Gibbs. According to trial testimony, petitioner fired four to five shots at Mr. Gibbs while Mr. Gibbs was running away, striking him in the leg and back.

Petitioner entered into a written plea agreement on August 15, 2012, wherein he would plead guilty to malicious wounding and being a felon in possession of a firearm. In exchange for the plea, the State agreed not to seek a robbery charge or pursue the case in federal court. The plea agreement also noted that the State would not seek a recidivist charge. On September 11, 2012, petitioner acknowledged that he had voluntarily withdrawn from that plea agreement. On November 8, 2012, petitioner was indicted on attempted first degree murder, felon in possession of a firearm, and wanton endangerment related to petitioner's actions against Mr. Gibbs on July 31, 2012.

Following a jury trial, petitioner was convicted of all three charges. The State filed a

1

recidivist information against petitioner on April 15, 2013, alleging that petitioner, who had four felony convictions in 2004, was a habitual offender. On May 3, 2013, a jury found that petitioner was the person named in the convictions alleged in the recidivist information. With the recidivist verdict, the sentences for each of petitioner's convictions were enhanced, and he was sentenced as follows: six to fifteen years of incarceration for attempted first degree murder, ten years for wanton endangerment, and ten years for felon in possession of a firearm, all sentences to run consecutively for a total of twenty-six to thirty-five years of incarceration. Petitioner claims he requested that his attorney appeal the verdict but counsel failed to do so. The circuit court appointed new counsel and re-sentenced petitioner for purposes of appeal on August 27, 2013. Petitioner appeals from that order.

Petitioner's first assignment of error is that the circuit court erred by sentencing him in excess of that permitted under West Virginia law because the court enhanced three separate convictions under the recidivist statute that all arise out of the same transaction. The three charges at issue are felon in possession of a firearm, which carries a sentence of not more than five years of incarceration; first degree attempted murder, which carries a possible penalty of three to fifteen years of incarceration; and wanton endangerment involving a firearm, which carries a penalty of one to five years of incarceration, with possible alternatives available. However, the circuit court enhanced all of the sentences. The circuit court enhanced the statutory penalties by doubling the sentences for felon in possession of a firearm and wanton endangerment involving a firearm and doubled the statutory minimum sentence for first degree attempted murder while leaving the maximum at fifteen years of incarceration.

As we found previously, "[i]n the absence of some express language in our recidivist statute, W.Va. Code, 61-11-18, authorizing criminal convictions returned against the defendant at the same time to be separately enhanced by a prior felony, it may not be done and only one enhancement is permissible." Syllabus, *Turner v. Holland*, 175 W.Va. 202, 332 S.E.2d 164 (1985). The three convictions and sentences at issue all arise from the incident with Kyle Gibbs on or about July 31, 2012. All of the charges were presented to the grand jury at the same time, and petitioner was convicted of all three charges on the same date. Therefore, based upon our review of the record, it is clear that the circuit court erred by enhancing all three of petitioner's sentences under the recidivist statute. Only one such enhancement could be made under these circumstances.

Petitioner's second assignment of error is that the trial court erred in failing to permit petitioner to enter a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970) and *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), when petitioner requested to address the trial court in regard to the written plea agreement. He contends that he was given a written plea agreement, offering a plea to malicious wounding, with a sentence of two to ten years of incarceration, and possession of a firearm, with a sentence of one year of incarceration, with the sentences to run concurrently. Petitioner argues that the circuit court was mandated to explain the option of entering an *Alford/Kennedy* plea to petitioner in open court. Petitioner contends that his statement to the court that there was no evidence, as he was innocent, during a hearing in October of 2012 informed the circuit court that petitioner clearly wished to maintain his innocence but still be afforded the protections of the plea agreement. Petitioner admits that he withdrew his plea, but contends that the State should not have been able to

withdraw the plea arrangement when he had complied with his portion of the agreement by waiving his preliminary hearing.

"An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, if he intelligently concludes that his interests require a guilty plea and the record supports the conclusion that a jury could convict him." Syl. Pt. 1, *Kennedy* at 10, 357 S.E.2d at 43. While *Alford* and *Kennedy* address the need for a circuit court to accept pleas, neither case requires that a court inform a defendant of his or her right to enter such plea. Syl. Pt. 2, *id.*; *Alford* at 37-38. It appears from the record that neither petitioner nor his attorney informed the circuit court or the State of petitioner's desire to enter such a plea. For the reasons set forth herein, we find that the circuit court did not err by failing to inform petitioner of his option to enter an *Alford/Kennedy* plea when he chose to withdraw his original plea of guilty to malicious wounding and possession of a firearm.

Petitioner's third assignment of error is that his constitutional rights were denied because an independent fact witness who was in the area at the time of the shooting, Brittany Phillips, was not called to testify at trial. According to petitioner, this failure thwarted his right to a fair trial. He argues that the police report clearly showed that Ms. Phillips examined a photo array and was unable to identify anyone. He points to the difference between her description of the shooter and petitioner, as Ms. Phillips said that the shooter was wearing a white polo shirt with red horizontal stripes while petitioner was wearing an orange shirt. Without presenting any supporting affidavit, he also contends that Ms. Phillips was living in Texas but was willing to testify if called in a new trial. Petitioner does not point to any error on the part of the circuit court or the State related to Ms. Phillips. It is unclear from the record why Ms. Phillips was not called to testify at trial, but the State was not under any obligation to secure her testimony. To the extent petitioner alleges ineffective assistance of counsel related to the failure to call Ms. Phillips to testify at trial, we have held as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

Syl. Pt. 10, *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992). The record before this Court is insufficient to determine whether there was ineffective assistance of counsel related to Ms. Phillips. Therefore, we decline to address this issue.

Petitioner's fourth assignment of error is that the trial court violated petitioner's right to a speedy trial by continuing the matter to the next term of court over petitioner's objection. Petitioner argues that during the pre-trial conference in December of 2012, the circuit court continued the case to the next term of court, noting that the case was not ready for trial. Petitioner argues that if he had been allowed to enter an *Alford/Kennedy* plea, his right to a

3

speedy trial would not have been denied. He contends that the delay was prejudicial in that Ms. Phillips was precluded from testifying. Again, however, he fails to present any affidavits or evidence as to why Ms. Phillips was not called to testify at trial. Further, the record is devoid of evidence that Ms. Phillips was available to testify during the previously scheduled trial.

West Virginia Code § 62-3-1, in relevant part, provides that "[w]hen an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance be tried at the same term."

> "The determination of what is good cause, pursuant to *W.Va. Code*, 62-3-1, for a continuance of a trial beyond the term of indictment is in the sound discretion of the trial court, and when good cause is determined a trial court may, pursuant to *W.Va. Code*, 62-3-1, grant a continuance of a trial beyond the term of indictment at the request of either the prosecutor or defense, or upon the court's own motion." Syllabus Point 2, *State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981).

Syl. Pt. 5, *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986). Based upon our review of the record, we find that the trial court did not abuse its discretion in finding good cause for the continuance in the instant case. Specifically, it appears that one of the key factors in the circuit court's decision to continue the trial was petitioner's request for gunshot residue testing that had not yet been completed by the State. Petitioner's counsel also pointed out to the circuit court that evidence had not been submitted for testing because there were serious plea negotiations that delayed such testing. In addition, while petitioner argues that he was prejudiced by the delay, as set forth above, he failed to demonstrate such prejudice.

Petitioner's fifth assignment of error is that the circuit court erred in permitting the prosecutor to strike the last "person of color" from the jury. Petitioner points to his counsel's objections during jury selection and post-trial. Petitioner contends that the State denies a black defendant equal protection of the laws when it puts him on trial before a jury from which members of his race have been purposefully excluded. He argues that if the trial court decides that the facts establish prima facie, purposeful discrimination and the State does not come forward with a neutral explanation for his action, petitioner's conviction must be reversed. He also states that the impact of the juror strike is so egregious that it removed every "person of color" from petitioner's jury.

Petitioner is correct that "[i]t is a violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. *Constitution* for a member of a cognizable racial group to be tried on criminal charges by a jury from which members of his race have been purposely excluded." Syl. Pt. 1, *State v. Marrs*, 180 W.Va. 693, 379 S.E.2d 497 (1989). Further, "[t]he State may defeat a defendant's prima facie case of a violation of equal protection due to racial discrimination in selection of a jury by providing non-racial, credible reasons for using its peremptory challenges to strike members of the defendant's race from the jury." Syl. Pt. 3, *Marrs* at 694, 379 S.E.2d at 498. However, in the instant case, the record shows that there was a satisfactory, non-racial reason for striking the potential juror. During voir dire, the potential juror

4

was asked if she had ever been arrested, and she indicated she had not, stating that she had never been in trouble. The circuit court confronted her about those statements, reading her records showing that she had been the subject of criminal charges. Although the potential juror claimed that most of the charges had never occurred, she admitted that she had been charged in 2011 with obstructing a police officer and driving on a suspended or revoked license. Based on those admissions and her lack of candor with the court, the State moved to strike the potential juror for cause. The circuit court refused to remove the potential juror. However, the circuit court explained to the State that there was sufficient evidence in the record for the State to use a peremptory challenge to remove her; the State then used such peremptory challenge. Therefore, there is insufficient evidence to show the required inference that the prosecutor used peremptory challenges to exclude the potential juror from the petit jury on account of her race. Syl. Pt. 2, *Marrs* at 693-94, 379 S.E.2d at 497-98 (quoting *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1722 (1986). Further, even if petitioner had made the requisite showing, the State defeated the same by providing a non-racial, credible reason for its peremptory challenge. Syl. Pt. 3, *Marrs* at 694, 379 S.E.2d at 498. Therefore, the circuit court did not err in permitting the State to use a peremptory challenge to remove the African-American potential juror at issue.

Petitioner's final assignment of error is that the circuit court erred in failing to offer malicious assault and unlawful wounding as possible lesser included offenses on the jury verdict form. Petitioner states that this is an issue of first impression but contends that malicious assault and unlawful wounding are lesser included offenses of first degree attempted murder. He also asserts that this is plain error, as he failed to raise the issue below. "'To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings.' Syllabus Point 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995)." Syl. Pt. 9, *State v. Thompson*, 220 W.Va. 398, 647 S.E.2d 834 (2007). In this instance, petitioner admits that this Court has not previously found that malicious assault and/or unlawful wounding are lesser included offenses of first degree attempted murder. Therefore, he has failed to show that there was an error sufficient to trigger the plain error doctrine. For this reason, we decline to address the merits of petitioner's sixth assignment of error.

For the foregoing reasons, we reverse the portion of the circuit court's August 27, 2013, order enhancing all three of petitioner's recidivist sentences and remand for entry of a sentencing order enhancing only one of the three recidivist convictions.

Affirmed, in part, and reversed and remanded, in part, with directions.

**ISSUED:** June 13, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II