THOMAS COVELL *v.* THE STATE.

(*Knoxville.*   September Term, 1920.)

**SCHOOLS AND SCHOOL DISTRICTS.**  Child of sixteen years and six
months required to attend school.

Public Acts 1913, chapter 9, as amended by Public Acts 1919. chap-
ter 143, providing that a parent, guardian, or other person having
control of a child between the "ages of seven and sixteen years,
inclusive," shall cause such child to attend school, requires that
a child of sixteen years and six months. be sent to school.

Acts cited and construed: Acts 1913, ch. 9; Acts 1919, ch. 143; Acts
1891, ch. 132; Acts 1917, ch. 80, sec. 2.

---

FROM RHEA.

---

Error to the Circuit Court of Rhea County.—HON. J.
T. RAULSTON, Judge.

SIZER, CHAMBLISS & CHAMBLISS, for Thomas Covell.

JOHN L. GODSEY, for Rhea County School Board.

WM. H. SWIGGART, JR., Assistant Attorney-General for
the State.

MR. JUSTICE BACHMAN delivered the opinion of the
Court.

Compulsory education of children in Tennessee is re-
quired by chapter 9 of the Public Acts of 1913, as amend-

ed by chapter 143 of the Public Acts of 1919, which provides as follows:

"Every parent, guardian, or other person, in the State of Tennessee, having charge or control of any child between the ages of seven and sixteen years, inclusive, shall cause such child to be enrolled in and attend some day school, public, private, or parochial, for the entire term of school. . . ."

Failure to comply with this provision subjects those liable to a fine of from $2 to $20 for the first offense, and from $5 to $50 for the second and subsequent offenses. The plaintiff in error was fined in the circuit court of Rhea county for that, being the father of a girl sixteen years and six months of age, he had failed to require her attendance upon school. No justification is offered, save that the proper construction of the statute excludes a child who has passed its sixteenth birthday. We think the language used, "between the ages of seven and sixteen years, inclusive," is entirely free from ambiguity, and that no extended discussion of statutory construction is required to arrive at the intention of the legislature. The words are to be taken in their usual and ordinary acceptation, and, so considered, must apply to children in their seventh, sixteenth, and intermediate years, as these respective ages are customarily referred to. It is technically true that one reaches a particular age at a fixed or certain point of time, but, having attained the designated birthday, one's age, as ordinarily alluded to, continues as of the latter birthday until the succeeding one is reached. Thus at common

Covell v. State.

law a person's majority was reached on the day preceding the anniversary of his or her birth, and, literally speaking, one is of the exact age of twenty-one years for only one day, but in common acceptation one's age is spoken of as twenty-one until the arrival of the twenty-second birthday—the year, and not the day, being the unit of measurement.

It is to be seen that the act provides a certain penalty for the first violation of its provisions, and increased penalty for the second and subsequent violations, and it is manifest that, if the construction contended for on behalf of the plaintiff in error is maintainable, there could be but one violation for failure to compel the child's attendance during the sixteenth year; it being of that age for one day only. But, if interpretation were necessary, it is found that the meaning of the word "inclusive" is defined in Webster's International Dictionary to be:

"Inclosing, encircling; (2) comprehending the stated limit or extremes; as from Monday to Saturday, inclusive, that is, taking in both Monday and Saturday."

. Hence the use of the word in the statute clearly denotes the intent to comprehend the full period of a child's sixteenth year. So, further, if the provision here in question be construed *in pari materia* with other educational legislation of the State, it is found that the school system was divided into five primary grades at the time of the passage of the act of 1913, in which compulsory attendance was required between the ages of eight and fourteen, inclusive (chapter 132 of the Acts of 1891, section 2, sub-

sec. 1), the evident intention of the legislature being to allow ample time for the completion of the course prescribed; while three additional grades had been added when the act of 1919 was passed wherein the limitation of seven to sixteen years, inclusive, appears (chapter 80, Public Acts of 1917, section 2). Obviously the extension of the course of study necessitated a correspondingly increased period of attendance.

We entertain no doubt of the correctness of the construction placed upon the statute by the circuit judge, and his judgment is affirmed.