No. 18-0945 – *State of West Virginia v. Collins*

WORKMAN, J., concurring:

I concur in the majority's determination that, under the current state of our law both here and nationwide, imposition of West Virginia Code § 15-12-8(c)'s mandatory sentence of ten to twenty-five years is not constitutionally disproportionate in this case. Like the defendant in *Hoyle,*[1] decided in the preceding term of Court, petitioner committed multiple offenses in violation of his registration requirements. West Virginia Code § 15-12-8(c) mandates that "second or subsequent offense[s]" result in a ten to twenty-five year sentence. As both this Court and the United States Supreme Court have long-acknowledged, "the substantive power to prescribe crimes and determine punishments is vested with the legislature[.]" *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); *see State ex rel. Morgan v. Trent*, 195 W. Va. 257, 262, 465 S.E.2d 257, 262 (1995) ("'[L]egislatures, not courts, define criminal liability[.]'" (quoting *Crandon v. United States*, 494 U.S. 152, 158 (1990).

I write separately, however, to caution that the rigid mandatory sentence for second or subsequent offenses may under the proper circumstances fail the subjective test under *State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851 (1983). More importantly, there appears to be an incremental evolution of the courts' treatment of such statutes, such that

---

[1] *State v. Hoyle*, ____ W. Va. ____, 836 S.E.2d 817 (2019).

1

even the objective test[2] for disproportionality that this statute has now twice survived, may ultimately fail. As the facts of this particular case suggest, replacement of the mandatory ten to twenty-five year sentence in favor of a discretionary sentencing structure which is registrant-specific may be required to pass constitutional muster under certain circumstances. While petitioner in this case was relentlessly recalcitrant in his registration obligations, one cannot ignore the fact that petitioner's underlying misdemeanor conviction occurred nearly fourteen years ago and that his registration violations occurred early into his post-conviction life while he was still a relatively young man. There has been no evidence whatsoever of any intervening predatory offenses or any intent to utilize the unregistered internet outlets for nefarious purposes.

It takes no great stretch of imagination to envision a scenario involving a couple of minor registration offenses committed well into the lifetime requirements by someone who committed their underlying offense decades prior while fairly young and has otherwise been a model citizen. Surely this possibility suggests that a sentencing scheme which places discretion in the circuit court to fashion an appropriate penalty should be considered to ensure the continued constitutional vitality of our Registration Act. I therefore encourage the Legislature to carefully scrutinize the Registration Act *in toto* to

---

[2] *See* Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981) (setting forth objective proportionality test).

ensure that our salutary desire to monitor sex offenders is being well-served by the specific contours of the Act.

For the foregoing reasons, I respectfully concur.