**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 20-0904** (Fayette County 18-F-19 and 18-F-20)

**Dean E. Gamble, Sr.,**
**Defendant Below, Petitioner**

**MEMORANDUM DECISION**

Petitioner Dean E. Gamble, Sr., by counsel Mark S. Plants, appeals the September 2, 2020, order of the Circuit Court of Fayette County that sentenced him on two counts of delivery of a Schedule III controlled substance and one count of conspiracy to commit a felony. The State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a response in support of the circuit court's order. Petitioner, with the permission of the Court, filed a supplemental pro se petition for appeal and reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 13, 2017, a Fayette County grand jury indicted petitioner in case number 18-F-19 on two counts of delivery of a Schedule III controlled substance. On June 20, 2017, the same grand jury indicted petitioner in case number 18-F-20 on one count of conspiracy to commit a felony and one count of burglary.

At a March 26, 2018, plea hearing, petitioner pled guilty to two counts of delivery of a Schedule III controlled substance as contained in Indictment 18-F-19. Petitioner also pled guilty to one count of conspiracy to commit a felony as contained in Indictment 18-F-20. The burglary count was dismissed. In the State's recitation of the plea agreement, it explained to the circuit court that "[petitioner] understands that . . . at the time of sentencing in this matter you can double the delivery charges, the penalty for the delivery charges, because he does have a prior felony drug conviction." Petitioner's counsel replied that the State had "correctly spread this agreement on the record . . . . That is the agreement between the State of West Virginia and [petitioner]." Petitioner's counsel also said that, "My client does have a prior felony drug conviction. I've explained that to my client, but in this [c]ourt's discretion you have the ability to double those sentences and he

1

fully comprehends and understands that." Petitioner also acknowledged that the State had timely and properly filed a recidivist information after the plea agreement was reached on March 16, 2018. However, petitioner's counsel stated that the State agreed, as part of the plea agreement, not to pursue the recidivist information if the court accepted the plea agreement. Immediately thereafter, the court confirmed with petitioner that his plea agreement was the entire agreement as petitioner understood it. The court then reviewed the entire agreement on the record.

Thereafter, the circuit court explained the potential sentencing consequences for the first count of delivery of a controlled substance. The court then asked petitioner, "Now, do you understand that I could double [the sentence for delivery of a controlled substance] and make it not less than two years, nor more than ten years?" Petitioner replied, "Yes, sir, I do." Regarding the second count of delivery of a controlled substance, the court said, "I could double that sentence also and make that not less than two, nor more than ten years . . . . Do you understand that?" Petitioner replied, "Yes, sir." The circuit court also explained that it could order the sentences to be served consecutively or concurrently. Petitioner spoke with his counsel before replying that he understood that condition as well. The court then emphasized that petitioner was subject to five to twenty-five years in prison if the court chose to double the sentence for both counts of delivery of a controlled substance and ran all three sentences, including the one to five years for conspiracy, consecutively to one another. The court asked petitioner if he understood the possibility of receiving a cumulative five-to-twenty-five-year sentence. Petitioner replied, "I understand." The court then confirmed that petitioner had not been made any promises in exchange for his plea and that he understood his right to a jury trial. Petitioner thereafter pled guilty to both counts of delivery of a controlled substance and to one count of conspiracy to commit a felony. The court memorialized its acceptance of petitioner's plea in its April 5, 2018, order.

At a May 15, 2018, sentencing hearing, the court sentenced petitioner to not less than one nor more than five years on each of the three counts. The court then separately enhanced each of the two sentences for delivery of a Schedule III controlled substance, under West Virginia Code § 60A-4-408, to twice what was otherwise authorized and then ran those two sentences consecutively to one another and consecutively to petitioner's conspiracy to commit a felony conviction for a total term of incarceration of not less than five nor more than twenty-five years in prison. Petitioner was resentenced on October 22, 2020, for the purposes of this appeal.

It is from his October 22, 2020, sentencing order that petitioner now appeals. We review "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

On appeal, petitioner first argues that the circuit court committed plain error by separately enhancing two of his three sentences under West Virginia Code § 60A-4-408, absent express language in § 60A-4-408 authorizing separate sentence enhancements for convictions rendered against a defendant on the same date and in the same proceeding as required by *Turner v. Holland*,

2

175 W. Va. 202, 332 S.E.2d 164 (1985), and *Hutchinson v. Dietrich*, 183 W. Va. 25, 393 S.E.2d 663 (1990).[1]

West Virginia Code § 60A-4-408 provides:

(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both. When a term of imprisonment is doubled under section 406, such term of imprisonment shall not be further increased for such offense under this subsection (a), even though such term of imprisonment is for a second or subsequent offense.

(b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

(c) This section does not apply to offenses under section 401(c).

Petitioner bases his argument on his claim that the language in West Virginia Code § 60A-4-408 "resembles" the language in West Virginia Code § 61-11-18(b) (the "Habitual Criminal Act"), which provides:

[W]hen any person is convicted of a qualifying offense and is subject to imprisonment in a state correctional facility therefor, and it is determined, as provided in § 61-11-19 of this code, that such person had been before convicted in the United States of a crime punishable by imprisonment in a state correctional facility, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would be otherwise sentenced. Whenever in such case the court imposes an indeterminate sentence, the minimum term shall be twice the term of years otherwise provided for under such sentence.

Petitioner admits that § 61-11-18 is the general recidivist statute applicable to subsequent felony convictions, while § 60A-4-408 is a specific recidivist statute that enhances penalties for crimes involving controlled substances. However, he argues that the two statutes are "two sides of the same coin" and that to categorize § 61-11-18 as a recidivist statute and § 60A-4-408 as an enhancement statute is a distinction without a difference. Petitioner contends that the only differences between the two statutes is the level of proof required to establish a prior conviction and who may seek the enhancement.

---

[1] We note that neither *Turner v. Holland*, 175 W. Va. 202, 332 S.E.2d 164 (1985), nor *Hutchinson v. Dietrich*, 183 W. Va. 25, 393 S.E.2d 663 (1990), address West Virginia Code § 60A-4-408.

Petitioner highlights that the West Virginia Legislature is presumed to have had full knowledge of prior judicial decisions when it enacted § 60A-4-408.

> "When the Legislature enacts laws, it is presumed to be aware of all pertinent judgments rendered by the judicial branch. By borrowing terms of art in which are accumulated the legal tradition and meaning of centuries of practice, the Legislature presumably knows and adopts the cluster of ideas attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed." Syl. pt. 2, in part, *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995).

Syl. Pt. 3, *CB&T Operations Co. v. Tax Comm'r of State*, 211 W. Va. 198, 564 S.E.2d 408 (2002). Petitioner posits that the absence of express language authorizing separate enhancements for multiple convictions rendered on the same day shows that the Legislature did not intend § 60A-4-408 to be used to enhance multiple convictions rendered on the same date and in the same proceeding.

Petitioner next asserts that, insofar as § 60A-4-408 is ambiguous, the rule of lenity prevails. "[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Cleveland v. United States*, 531 U.S. 12, 25 (2000); *see also* Syl. Pt. 5, *State ex rel. Morgan v. Trent*, 195 W. Va. 257, 465 S.E.2d 257 (1995) ("In construing an ambiguous criminal statute, the rule of lenity applies which requires that penal statutes must be strictly construed against the State and in favor of the defendant."). Petitioner concludes that, given that the Legislature did not evince an intent to allow the separate enhancement of multiple sentences for convictions rendered on the same date and in the same proceeding, the rule of lenity requires that § 60A-4-408 be interpreted to exclude such a result.

Finally, petitioner admits that he did not preserve this assignment of error below and, therefore, acknowledges that it must be reviewed under the plain error doctrine. *See* W. Va. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Moreover, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

We find that the circuit court did not plainly err in separately enhancing petitioner's sentences for delivery of a controlled substance because West Virginia Code § 60A-4-408 expressly provides for the enhancement of a sentence on a second or subsequent conviction. Petitioner acknowledges that the Court has repeatedly upheld sentencing enhancements made under § 60A-4-408 where a defendant had multiple convictions on the same date and in the same proceeding. Nevertheless, based on *Turner* and *Hutchinson*, petitioner argues that the circuit court erred in doubling both of his sentences for the delivery of a controlled substance. However, *Turner* and *Hutchinson* are inapposite to petitioner's case because neither address § 60A-4-408. Finally,

although § 60A-4-408 mirrors § 61-11-18 in part, the two statutes are not the same and should not be treated as such.

In *State ex rel. Daye v. McBride*, 222 W. Va. 17, 658 S.E.2d 547 (2007), we recognized several distinctions between § 60A-4-408 and § 61-11-18:

> The Uniform Controlled Substances Act, W.Va.Code, 60A–4–408 (1971), provides a lesser, and discretionary, enhancement in any case involving a repeat drug offender. Furthermore, the judge, not the prosecuting attorney, makes the enhanced sentencing decision under this drug offense statute. The statute applies to both misdemeanor and felony offenses. It does not require the filing of an information by the prosecuting attorney.

> In contrast, the general habitual offender statute [§ 61-11-18] is utilized only in cases where the totality of a criminal defendant's criminal history makes a mandatory sentence of life imprisonment an appropriate punishment. The procedural provisions of the general habitual criminal offender statute, [then] W.Va.Code, 61–11–19 (1943), require the filing of an information by the prosecuting attorney within certain time limits, and the defendant has a right to a jury trial with attendant procedural safeguards.

*Daye*, 222 W. Va. at 23, 658 S.E.2d at 553. "West Virginia Code § 60A-4-408, on the other hand, requires only the fact of a prior conviction prior to enhancement and, thus, does not mandate additional procedural safeguards." *State v. Rutherford*, 223 W. Va. 1, 6, 672 S.E.2d 137, 142 (2008). In *Rutherford*, the appellant argued that a defendant whose sentence is enhanced under § 60A-4-408 should have the same procedural safeguards as those required by § 61-11-18. 223 W. Va. at 5, 672 S.E.2d at 141. We disagreed noting that

> [i]n light of the significant differences between W.Va.Code § 60A-4-408 and W.Va.Code § 60-11-18, this Court is not persuaded that because W.Va.Code § 60-11-18 contains procedural safeguards not included by the Legislature in W.Va.Code § 60A-4-408, that these procedural safeguards should be considered constitutional imperatives applicable to all instances of sentence enhancement.

*Rutherford*, 223 W. Va. at 6, 672 S.E.2d at 142; *see also State v. Brown*, No. 17-0911, 2018 WL 4944193, at *4 (W. Va. Oct. 12, 2018) (memorandum decision) (finding the language of the general recidivist statute "entirely inapplicable" to a case where the petitioner's sentence was enhanced under § 60A-4-408).

Clearly, the West Virginia Legislature did not intend to limit a trial court's ability to double multiple sentences, otherwise § 60A-4-408 would have provided as such.

> This Court has stated that "[t]he primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W.Va. 108, 219 S.E.2d 361 (1975). We then examine the precise words chosen by the Legislature in adopting the statute. "A

statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).

*Liberty Mut. Ins. Co. v. Morrisey*, 236 W. Va. 615, 624, 760 S.E.2d 863, 872 (2014).

Petitioner next argues that the West Virginia Legislature is presumed to have had full knowledge of prior judicial decisions when it enacted § 60A-4-408 in 1971 and, therefore, knew of the Court's decisions holding that two or more convictions entered on the same day are considered one conviction for the purposes of § 60-11-18. However, we said that "[i]t is not for this Court arbitrarily to read into a statute that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, we are obliged not to add to statutes something the Legislature purposely omitted." Syl. Pt. 11, *Brooke B. v. Ray C.*, 230 W. Va. 355, 738 S.E.2d 21 (2013).

Finally, petitioner argues that "[i]n construing an ambiguous criminal statute, the rule of lenity applies which requires that penal statutes must be strictly construed against the State and in favor of the defendant." *Trent*, 195 W. Va. at 259, 465 S.E.2d at 259, Syl. Pt. 5. We find *Trent* inapplicable because West Virginia Code § 60A-4-408 is not ambiguous as its subsection (a) plainly states that "[a]ny person convicted of a second or subsequent offense under this act may be imprisoned for a term of up to twice the term otherwise authorized[.]" Moreover, in *State v. Hawkins*, No. 19-0523, 2020 WL 5269749, *3 (W. Va. Sept. 4, 2020) (memorandum decision), we ruled that § 60A-4-408 is not ambiguous. In that case, Mr. Hawkins pled guilty to two counts of delivery of a controlled substance. Thereafter, the court enhanced Mr. Hawkins's sentence for both counts under § 60A-4-408. On appeal, Mr. Hawkins argued that, in the absence of express statutory language authorizing criminal convictions returned at the same time to be enhanced by a prior felony, only one enhancement is permissible. 2020 WL 5269749, at *2. The Court rejected that argument, finding that "it is clear that each of those [two] counts qualify as a 'second or subsequent offense' under [§ 60A-4-408]. Based upon the clear, unambiguous language of [§ 60A-4-408], we find that the circuit court did not abuse its discretion in enhancing both of petitioner's sentences." 2020 WL 5269749, at *3. "[M]emorandum decisions may be cited as authority, and are legal precedent . . . ." Syl. Pt. 5, *State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014). Thus, we find that the circuit court acted within its authority in enhancing both of petitioner's sentences under § 60A-4-408.

Having found that petitioner's sentence is well within statutory limits and not based on any impermissible factors, we conclude that it is not subject to appellate review. "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Moreover, in *State v. Sugg*, 193 W.Va. 388, 406, 456 S.E.2d 469, 487 (1995), we held that "[a]s a general proposition, we will not disturb a sentence following a criminal conviction if it falls within the range of what is permitted under the statute." It is not the proper prerogative of this Court to substitute its judgment for that of the circuit court on sentencing matters, so long as the appellant's sentence was within the statutory limits, was not based upon any impermissible factors, and did not violate constitutional principles. *State v. Georgius*, 225 W. Va. 716, 722, 696 S.E.2d 18, 24 (2010). Here, petitioner's sentence is within statutory limits, and petitioner fails to show the circuit

court relied on any impermissible factor in sentencing him. Further, the circuit court concluded that "there is a substantial likelihood that [petitioner] would commit more crimes in the future" given his lengthy criminal history (twenty-three convictions over forty-two years). Thus, it enhanced his sentence under § 60A-4-408. Accordingly, because petitioner's sentence was properly enhanced, is within statutory limits, and is not based on any impermissible error, we find no plain error, and, therefore, petitioner is entitled to no relief.

In petitioner's pro se petition for appeal, he raises five additional assignments of error. In petitioner's first such assignment of error, he alleges judicial bias and ineffective assistance of counsel. Specifically, petitioner claims that the circuit court (1) showed its bias against him when it found in its August 8, 2018, order relieving the Public Defenders' Office as his counsel that there were no errors to present on appeal, and (2) allegedly lied to this Court when it claimed to have sentenced petitioner to concurrent sentences. Petitioner asserts that the circuit court was under an ethical obligation to dismiss the charges against him when it granted his motion to suppress the Suboxone evidence the State sought to introduce at trial. Petitioner avers that, instead, the court gave the State an opportunity to have the alleged Suboxone retested. Finally, petitioner claims ineffective assistance of counsel because his trial counsel (1) did not move to dismiss the charges against petitioner after the circuit court granted his motion to suppress the Suboxone evidence; (2) did not object to the State being allowed to resubmit the evidence for further testing; (3) presented no defense theory; (4) failed to make a motion that petitioner's case be transferred to drug court; (5) lied to petitioner about whether a recidivist information had been filed; and (6) failed to object to petitioner's allegedly "illegal" sentence.

Petitioner can demonstrate no harm or prejudice from the circuit court's actions. He was appointed competent counsel to present this appeal, his rights were preserved, and he had his day in court below. As for petitioner's ineffective assistance of counsel claim, we decline to review it because such claims are not appropriate on direct appeal. *See* Syl. Pt. 9, in relevant part, *State v. Woodson*, 222 W. Va. 607, 671 S.E.2d 438 (2008) (explaining that "prudent defense counsel first develops the record" in a habeas corpus proceeding before seeking appellate review) (internal quotation and citation omitted); *State v. Miller*, 197 W. Va. 588, 611, 476 S.E.2d 535, 558 (1996) (observing that ineffective assistance of counsel claims "raised on direct appeal are presumptively subject to dismissal").

In petitioner's second pro se assignment of error, he argues that the circuit court imposed an illegal and/or disproportionate sentence when it enhanced both of his sentences for delivery of a controlled substance under § 60A-4-408. Petitioner contends that only one of his sentences should have been enhanced. In essence, petitioner rehashes his appellate counsel's argument and then adds that the circuit court abused its discretion when it imposed consecutive sentences because such sentences are disproportionate to the crime of delivery of a controlled substance. We disagree. As we noted above, "[s]entences imposed by a trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." *Goodnight*, 169 W.Va. at 366, 287 S.E.2d at 505, Syl. Pt. 4. Petitioner's sentences are within statutory limits under West Virginia Code § 60A-4-408 and not based on any impermissible factor. Accordingly, we find no error.

In petitioner's third pro se assignment of error, he contends that there is a conflict between the statutes governing the scheduling of controlled substances that requires effective repeal of one statute in favor of another statute. Specifically, petitioner argues, without citation to any authority, that Suboxone should be reclassified as a Schedule V drug. We first note the classification of a drug is an issue for the West Virginia Legislature. Moreover, the classification of Suboxone as a Schedule V drug is not an issue in this appeal. "Although we liberally construe briefs in determining issues presented for review, issues . . . mentioned only in passing [that] are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996). Accordingly, we do not further address this assignment of error.

In petitioner's fourth pro se assignment of error, he argues that his guilty pleas were involuntary because they were "induced by illegal threats and undermined by an illegal sentence." As noted above, petitioner's sentence is not an illegal sentence. Further, petitioner points to nothing in the record in support of his claim that he was unduly influenced to accept the State's plea offer. *See Jones ex rel. Estate of Jones v. Underwriters of Lloyd's, London*, No. 12-0293, 2013 WL 3185081, at *2 (W. Va. June 24, 2013) (memorandum decision) ("[W]e require that arguments before this Court be supported by 'appropriate and specific citations to the record on appeal[.]'") (quoting W. Va. R. App. P 10(c)(7)); *see also* W. Va. R. App. P. 10, Clerk's Cmt. ("Briefs must carefully cite to the record[.]"). The record on appeal reveals no improper act on the part of the State that induced petitioner to enter a guilty plea. Further, the record indicates that petitioner's trial counsel believed that if petitioner went to trial, he risked being convicted of burglary in addition to the crimes for which he pleaded guilty. Finally, at the plea hearing, both petitioner and his counsel averred that petitioner was freely and voluntarily entering into the plea agreement. Thus, we find no error.

Finally, in petitioner's fifth pro se assignment of error, he argues that the circuit court erred in denying his motion for alternative sentencing. Petitioner claims he should have been given an alternative sentence due to his age, disability, the fact that he cooperated with authorities, and his belief that he is not a threat to society. Petitioner further claims that placing drug addicts in prison puts a strain on the State's financial resources. Finally, he argues that it is cruel and unusual to incarcerate him because his drug addiction is a mental illness. However, as noted above, petitioner's sentence is well within statutory limits and not based on any impermissible factor. Moreover, petitioner's lengthy criminal history tends to show that he has not been, and likely cannot be, rehabilitated such that an alternative sentence would be an effective or prudent choice. As such, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton