# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 21-0526** (Upshur County 20-F-46)

**Roger Kent Stobart,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Roger Kent Stobart appeals the circuit court's June 14, 2021, sentencing order entered following his convictions for one count of taking the identity of another, two counts of forgery of a public record, and two counts of uttering a public record.[1] In short, these convictions resulted from petitioner signing someone else's name to two traffic citations and returning them to the issuing officer during a traffic stop.[2] Petitioner raises five assignments of error on appeal to this Court, and upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner first argues that his separate convictions (two for forgery of a public record and two for uttering a public record) violate double jeopardy principles because an improper unit of prosecution was utilized. He argues that because the citations were forged and uttered in the same transaction and because the citation book used by the officer allowed him to charge only two offenses per citation, he should have been charged with one count of forgery of a public record and one count of uttering a forged public record.

This Court has previously rejected a similar challenge. In *State v. Green*, 207 W. Va. 530, 534 S.E.2d 395 (2000), we held that the unit of prosecution of West Virginia Code § 61-4-5(a) (forgery or uttering of other writings) was each document, emphasizing the Legislature's use of the word "'any' in the context of a singular noun, in this case 'writing.'" *Id.* at 538, 534 S.E.2d at 403. As a result, we held further that West Virginia Code § 61-4-5(a) "clearly and

---

[1] Petitioner appears by counsel Brian W. Bailey, and the State appears by counsel Patrick Morrisey and Lara K. Bissett.

[2] Petitioner was cited for four traffic offenses, with each citation containing two traffic offenses.

unambiguously provides for separate punishments for each forged document uttered." *Id.* Like its counterpart for other writings, the forgery of a public record statute employs singular nouns:

> If any person forge a public record, or a certificate, return or attestation of a clerk of a court, notary public, judge, justice, or any public officer, in relation to any matter wherein such certificate, return, or attestation may be received as legal proof, or utter or attempt to employ as true such forged record, certificate, return or attestation, knowing the same to be forged, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than two nor more than ten years.

W. Va. Code § 61-4-1. Petitioner has offered no justification for construing the forgery of a public record statute differently from the forgery or uttering of another writing statute, nor do we find a basis for doing so. Accordingly, we find no error in the circuit court's determination that petitioner could be charged with, convicted of, and separately punished for forging and uttering each of the citations at issue.

Petitioner argues in his second assignment of error that the circuit court erred in allowing the State to try him for two counts of uttering a forged public record when "public record" is not defined in the forgery of a public record statute and "no specific case law" defines "uttering." He urges application of the rule of lenity, which requires that "ambiguous criminal statutes" be "strictly construed against the State and in favor of the defendant." Syl. Pt. 5, in part, *State ex rel. Morgan v. Trent*, 195 W. Va. 257, 465 S.E.2d 257 (1995). But "legislative silence does not constitute statutory ambiguity," *Griffith v. Frontier West Virginia, Inc.*, 228 W. Va. 277, 285, 719 S.E.2d 747, 755 (2011), so petitioner, having advanced no other basis for a finding that "public record" is ambiguous, has not demonstrated ambiguity in that respect. As for "uttering," this Court has explained that "[f]or an uttering conviction, the State must prove that the defendant employed the writing." *State v. Watts*, No. 11-1620, 2013 WL 1501418, *3 (W. Va. Apr. 12, 2013)(memorandum decision). Here, petitioner "employed the writing[s]," *id.*, in question by tendering the forged citations to the issuing officer. Thus, petitioner has not demonstrated ambiguity in the statute, and the rule of lenity is therefore inapplicable. *See Morgan*, 195 W. Va. at 259, 465 S.E.2d at 259, Syl. Pt. 5.

Petitioner's remaining assignments of error warrant little discussion. In his third, he urges the Court to find plain error in the circuit court's failure to instruct the jury on the lesser included offenses of forgery and uttering a writing other than a public record. The evidence was sufficient to support the greater offenses—and petitioner does not argue otherwise—so there was no error, let alone plain error, in the failure to give the instruction. *See* Syl. Pt. 2, *State v. Neider*, 170 W. Va. 662, 295 S.E.2d 902 (1982) ("Where there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense, then the defendant is not entitled to a lesser included offense instruction."). In his fourth, he claims that the criminal complaint misidentified the year in which he was alleged to have committed the offenses of which he was convicted, a mistake he claims is "fundamentally unfair." Petitioner offers no law to support his claim that this "unfairness" mandates that the

parties return "to the status quo ante prior to the June 2020 grand jury proceedings," however, so he has failed to demonstrate error. Plus, we observe that the error was caught during the grand jury proceedings, and there is no question that the correct date was used in the indictment.[3] Finally, petitioner claims that the circuit court erred in denying his motion for judgment of acquittal, but he does not claim that the State failed to prove any element on which it bore the burden. Rather, petitioner argues that there was no corroborative evidence, and he highlights the "blasé nature" of the investigating officer's testimony. These criticisms fail to satisfy petitioner's "heavy burden" in challenging the sufficiency of the evidence as "[c]redibility determinations are for a jury and not an appellate court," and "a jury verdict should be set aside only when the record contains *no evidence, regardless of how it is weighed*, from which the jury could find guilt beyond a reasonable doubt." Syl. Pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995) (emphasis added).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** December 6, 2022

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Chief Justice John A. Hutchison
Justice William R. Wooton

Hutchison, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.

Wooton, Justice, dissenting:

---

[3] Although the relief petitioner is seeking is not entirely clear, it appears that he is suggesting that the State was required to indict petitioner using the incorrect date contained in the criminal complaint—a date for which petitioner claims he had an alibi. Again, petitioner has cited no law to support that proposition.

I respectfully dissent. In my view, this case should have been placed on the Court's Rule 20 docket to determine whether a traffic citation is a "public record" within the meaning of West Virginia Code section 61-4-1,[4] and whether the act of handing the signed traffic citation back to the officer constitutes "uttering" of the document within the meaning of the statute.

With respect to the first issue, we have stated that signing a fingerprint card with a false name constituted the counterfeit production of a public record, certificate, return, or attestation of a public officer. *Jordan v. Ballard*, No. 21-1015, 2013 WL 5476421, at *2 (W. Va. Oct. 1, 2013) (memorandum decision). However, the case provides no analysis whatsoever for its conclusion; and in any event, it is well settled that although memorandum decisions are legal precedent, "the Court uses original syllabus points to announce new points of law or to change established patterns of practice by the Court." Syl. Pt. 1, in part, *State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014). Accordingly, I would treat the "public record" issue in this case as one of first impression.

With respect to the second issue, this Court has never attempted to define "uttering" as the term is employed in § 61-4-1, and I believe that we should do so, again as an issue of first impression. There seems to me to be a vast gulf between uttering a forged check – handing it off to an unsuspecting third party in return for goods or services – and what happened in this case.

For these reasons, I respectfully dissent.

---

[4] West Virginia Code section 61-4-1 provides that

> [i]f any person forge a public record, or a certificate, return or attestation of a clerk of a court, notary public, judge, justice, or any public officer, in relation to any matter wherein such certificate, return, or attestation may be received as legal proof, or utter or attempt to employ as true such forged record, certificate, return or attestation, knowing the same to be forged, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than two nor more than ten years.